[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-12042

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN FRANCIS BOLIEAU,
a.k.a. John Bolieau,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cr-14002-AMC-1

———————————————

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

John Francis Bolieau appeals his sentence of 60 months' imprisonment for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  On appeal, he argues that the district court imposed a substantively unreasonable sentence because, he argues, the court imposed an upward variance without properly considering or weighing the relevant 18 U.S.C. § 3553(a) factors or providing a sufficient justification.  For the following reasons, we affirm.

## I.

Bolieau was charged via indictment with failure to register as a sex offender, in violation of § 2250(a).  He pled guilty to that charge pursuant to a written plea agreement.

Before sentencing, a probation officer prepared a presentencing investigation report ("PSI"), which reported the following.  In December 2013, Bolieau was convicted in Massachusetts for three counts of aggravated rape and abuse of a child, four counts of indecent assault and battery of a child under the age of fourteen, and one count of indecent assault and battery on a person over the age of fourteen.  These offenses related to Bolieau's daughter reporting that Bolieau had sexually abused her from 2005 to 2012.  As a part of his total sentence, he received ten years of probation upon the completion of his imprisonment term, with a specific condition that he register as a sex offender with the Sex Offender Registry

Board pursuant to the Sex Offender and Notification Act.  In July 2021, after Bolieau completed his term of imprisonment, he was required to wear a GPS ankle monitor upon his release to probation.  Bolieau was also informed that he had to notify the appropriate registering authority, in writing, before changing his residence and had to immediately contact and advise the appropriate authorities of his presence if he relocated to another state.  At the time of his release to probation, he was living in Massachusetts and registered his address as required.

In late October 2021, however, Bolieau cut off his ankle monitor, left Massachusetts, and flew to Florida, where he lived until his arrest on December 15, 2021.  A store's surveillance video from November 2021 showed an occasion where he was alone in a car with a child for about twelve minutes, although there was no evidence of any sexual abuse allegations as to this incident.  At the time of his arrest, Bolieau admitted that: (1) he was a registered sex offender; (2) he had cut off his ankle monitor: (3) he had not reported to law enforcement that he was living in Florida; (4) he had not registered as a sex offender in Florida; and (5) he had periodically thought about turning himself in to be arrested.

The PSI calculated Bolieau's base level offense as 16 pursuant to U.S.S.G. § 2A3.5(a)(1).  The offense level was decreased by three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)–(b).  The PSI determined that he had three criminal history points for his 2013 convictions of aggravated rape and abuse of a child, indecent assault and battery of a child under the age of

fourteen, and indecent assault and battery on a person over the age of fourteen.  Bolieau then received two additional criminal history points for committing the instant offense while under a criminal justice sentence pursuant to U.S.S.G. § 4Al.l(d).  Because Bolieau had five criminal history points, the PSI stated that he a criminal history category of III.  Pursuant to § 2250(a), the statutory maximum term of imprisonment was 120 months.  And the PSI calculated the Sentencing Guidelines imprisonment range as 18 to 24 months.

The PSI also noted the following.  In 1993, as a teenager, Bolieau was reported for sexually assaulting three young girls on multiple occasions.  He was subsequently found delinquent on charges of indecent assault and battery of a child under the age of fourteen and open and gross lewdness, and he received probation, which he later violated.  In 2004, Bolieau received probation for disturbing the peace, which he later violated, and in 2005, he violated probation in relation to an offense of driving under the influence.  Additionally, Bolieau's father had physically and sexually abused him when he was a toddler, and he never received treatment for the abuse.  He also struggled with substance abuse, attempted suicide, and was diagnosed with anxiety, depression, a sleep disorder, and bipolar disorder.

Bolieau filed no objections to his guideline calculations.  The government filed a sentencing memorandum and incorporated motion for an upward variance pursuant to 18 U.S.C. § 3553(a).  The government argued that Bolieau's conduct was not a simple

22-12042                 Opinion of the Court                 5

technical violation of his registration requirements, as he had cut off his ankle monitor and fled to Florida, where he concealed his presence and had unsupervised contact with a child. It also argued that his juvenile criminal history should be considered in sentencing because he was a repeat, hands-on sex-offender and the government had a vested interest in monitoring him to protect the public from him. It further argued that his criminal history points underrepresented the seriousness of his 2013 conviction for repeatedly raping his daughter and that he lacked respect for the law and would likely recidivate.

Bolieau opposed the government's motion. He asserted that he suffered from a traumatic childhood and had never received treatment for the abuse he suffered. He contended that he accepted full responsibility for his actions and had used poor judgment in having unsupervised contact with a minor, but noted that there was no evidence he had engaged in any inappropriate sexual behavior with that minor. He argued that he needed to be placed in a sex offender treatment program to be rehabilitated and reduce his recidivism risk and that a sentence within the guideline range would sufficiently reflect the seriousness of his instant offense, promote the law, and provide just punishment.

At the sentencing hearing, neither party objected to the PSI, and the district court adopted the PSI in full. The parties then made their arguments as to whether Bolieau should receive an upward variance.

The district court then granted the government's motion for an upward variance under § 3553(a), stating that it considered the case very carefully, including the full record and the parties' arguments, and that it applied the § 3553(a) factors. The court found that a sentence within the guideline would undermine the § 3553(a) factors. The district court explained that the circumstances of Bolieau's offense aggravated his offense, considering that, just a few months after being released to probation and being informed of his registration requirements, he decided to brazenly cut off his ankle monitor and abscond to Florida. The district court stated that his history and characteristics depicted an individual, who since his teenage years, had been engaged in extremely disturbing sexual behavior with minors that ultimately escalated to the rape of his own daughter over a lengthy period. Based on this history, the district court found that there was a need to protect the public, promote respect for the law, and impose a sentence that reflected the seriousness of his brazen failure to register. It also noted the importance of deterring others from failing to register. The district court then stated that the foregoing reasons was its explanation of the sentence. The district court imposed a sentence of 60 months' imprisonment and 5 years of supervised release, stating that it found such a sentence to be reasonable and not greater than necessary. Bolieau then objected to the upward variance as an unreasonable sentence, and this appeal ensued.

## II.

We consider the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *United States v.*

*Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022).  In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will affirm a sentence so long as the court's decision was "in the ballpark of permissible outcomes."  *Id.* at 1355 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015)).  The defendant bears the burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

### III.

Upward variances are imposed based on the § 3553(a) factors.  *Butler*, 39 F.4th at 1355.  Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant.  In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants.  *Id.*  A court imposes a substantively unreasonable sentence "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.  *Butler*, 39 F.4th at 1355 (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

A court commits a clear error of judgment when it weighs the § 3553(a) factors unreasonably. *Id.*

Though the district court is required to consider all relevant § 3553(a) factors, the weight given to each factor is committed to the sound discretion of the court, and the court may attach great weight to one factor over the others. *Id.* Additionally, the court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence. *Id.* at 1356. While the court must explain its conclusion that an unusually harsh sentence is appropriate in a particular case with sufficient justification, "extraordinary" justification is not required. *Gall v. United States*, 552 U.S. 38, 46–47 (2007). The court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient. *Butler*, 39 F.4th at 1356. Furthermore, a sentence imposed well below the statutory maximum may indicate reasonableness. *Gonzalez*, 550 F.3d at 1324.

Here, we conclude that the district court did not abuse its discretion. The district court properly considered and weighed the following relevant § 3553(a) factors: the nature and circumstances of Bolieau's offense; his history and characteristics; the need to protect the public; the need to promote respect for the law; the need for deterrence; and the need for his sentence to reflect the seriousness of his offense. *See* § 3553(a); *Butler*, 39 F.4th at 1354–56. The district court also provided sufficient justification for the upward variance because it explained that it considered the record, the parties' arguments, and the relevant § 3553(a) factors. *See Butler*, 39

F.4th at 1356; *Gall*, 552 U.S. at 46-47.  Further, Bolieau's sentence of 60 months' imprisonment is well below the statutory maximum of 120 months in § 2250(a).  *See Gonzalez*, 550 F.3d at 1324.

Accordingly, for the reasons stated, we affirm Bolieau's sentence.

**AFFIRMED.**